178 So.2d 892 (1965)
Merlin EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-216.
District Court of Appeal of Florida. Third District.
October 12, 1965.
*893 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal by the defendant of a conviction of assault with intent to commit robbery.
The sole point on appeal is whether the trial judge erred in denying defendant's motion for mistrial. The motion was made as a result of a comment made by the prosecuting attorney in the presence of the jury during cross examination of one of the investigating officers. Defense counsel had asked the officer why he could not find a certain alibi witness when in fact defense counsel had found her. Whereupon the prosecuting attorney remarked, "We were wondering about that point too." Defense counsel objected to the prosecutor's remark and moved for a mistrial on the grounds that it was prejudicial and in violation of the defendant's constitutional rights. The court denied the motion and instructed the jury to disregard the comment of the prosecutor.
It is appellant's contention that the remark of the prosecutor clearly implied that defense counsel had deliberately fabricated an alibi defense, and that the remark constituted such fundamental and prejudicial error that the trial judge's cautionary instruction could not cure the error and a mistrial should have been granted. We find no basis for a mistrial and affirm.
The record discloses that prior to the remark complained of defendant's counsel attempted to discredit the arresting officers as to their efforts to locate the alibi witness.
Where the defendant's counsel has asked a highly improper question and the prosecutor replies, defendant's claim of foul will not usually entitle him to a mistrial. In Henderson v. State,[1] the Supreme Court said:
"* * * [W]e cannot afford to lay down a rule here which would make it hereafter possible for an attorney for the defendant in any hard fought criminal case to deliberately goad the state's attorney, by unfounded or improper charges and insinuations, into heated, indiscreet, and improper reply, and to then use such reply to secure a reversal of the case, regardless of the sufficiency of the evidence, thus enabling him to take advantage of his own wrong. This would, indeed, be a dangerous precedent."[2]
The courts have given wide latitude to comments made by counsel during the heat of trial, especially when made in retaliation to prior improper comments by opposing counsel, and have been most reluctant to reverse convictions as a result thereof, particularly where the trial judge, as in the instant case, instructs the jury to disregard the comment.
No reversible error appearing, the judgment and sentence appealed is affirmed.
Affirmed.
NOTES
[1] 94 Fla. 318, 113 So. 689 (1927).
[2] Id. 94 Fla. at 339-340, 113 So. at 697.