SPECTOR, Judge.
Willie Jackson and Arthur Lee Moore held up a service station at the corner of Stockton and Gilmore in Duval County, Florida.
A gun was used. The station attendant, Mr.' Harold Johnson, first learned he was being robbed when one of the appellants announced, "This is it. This is a hold-up.” Simultaneous with the announcement of the event, the victim felt a gun jammed in his back. He turned around and grabbed the gun. The appellant, Arthur Lee Moore, said, “If you don’t turn the gun aloose, I’m going to fire it.” A struggle ensued. Mr. Johnson was jumped on by two or three more assailants, but he fought back. By then, his money changer containing some ten dollars in change and his wallet containing some forty-three dollars both had been taken from him. In the melee which ensued, a shot was fired at Mr. Johnson which went through his pants leg, barely missing him. Mr. Johnson, of course, could have been killed. It was only luck, *223 coupled with his assailant’s poor marksmanship, which spared him.
There was ample evidence that the appellants committed the armed robbery for which they were each sentenced to only five years imprisonment.
On this appeal, appellants advance two points on which they rely for reversal. Neither has any merit. The first is a contention that the evidence by which appellants were implicated as being the perpetrators of the robbery w.as given by alleged accomplices in exchange for lenient treatment and thus was unreliable. Courts of this State have rejected similar assaults upon the testimony of an alleged accomplice. In Peterson v. State, 95 Fla. 925, 117 So. 227, our Supreme Court stated that an .accused may be convicted upon the uncorroborated testimony of an accomplice. This principle of law has only recently been affirmed in Dupree v. State, 195 So.2d 1 (Fla.App.2d 1967). In the case at bar, the trial court was confronted with more than the uncorroborated testimony of an alleged accomplice. Appellants’ .argument on this point avoids any discussion of the fact that the victim’s wallet was found in the car in which appellants were apprehended shortly after the crime. This latter circumstance, it seems to us, tends to corroborate the testimony of the witnesses.
The other question raised by appellant is the contention that the trial court erred in permitting these two appellants to be represented by a single defense attorney. However, no suggestion is made by appellants that either of them were prejudiced by such dual representation. Moreover, the record fails to indicate that any objection was made in the trial court to such dual representation. In absence of such a showing, the disposition of this question as being without merit is controlled by the Supreme Court’s decision in Belton v. State, 217 So.2d 97, and State v. Youngblood, 217 So.2d 98.
Accordingly, the judgments appealed by these two appellants are affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.