HENDRY, Judge.
The appellant and a co-defendant were informed against for the crime of armed robbery. Both defendants pleaded not guilty to the charges and were tried without a jury. A single public defender was appointed to represent the appellant and his co-defendant; no demand was made for separate counsel and no objection was entered as to the joint representation by a single attorney. They were both adjudicated guilty and sentenced for the crime charged. The co-defendant has prosecuted a separate appeal. See Jennings v. State, Fla.App.1969, 228 So.2d 117, Third District Court of Appeal opinion released this date.
As his first point on appeal, Jenkins contends that the trial court erred by failing to appoint separate counsel for himself and his co-defendant. The record shows that no demand was made at trial for independent counsel. However, the appellant takes the position that the facts of the case do demonstrate that he was prejudiced by the single representation in that the public defender was reluctant to allow the appellant or his co-defendant to extensively testify as to their individual defenses for fear that one might implicate the other. There is a further contention that certain contradictions arose in the testimony given by various state’s witnesses, and such contradictions were not fully explored because of the public defender’s fear of implicating one co-defendant at the expense of the other. However, we do not read the record or the above contentions as demonstrating the prejudice necessary to require a reversal here. Under such a finding, this point on appeal has been answered in the case of Belton v. State, Fla.1968, 217 So.2d 97, wherein the Supreme Court stated as follows:
“ * * * If a defendant is indigent and [request for separate counsel] is made it should be granted unless it can be demonstrated to the trial judge that no prejudice will result or that no conflict will arise as an incident of the joint representation. Without such a request being made, failure to appoint separate counsel will not be held to constitute error unless it is demonstrated that prejudice results from such failure. Error does not occur because of joint counsel *116 in the absence of a request for separate counsel or a showing of prejudice or conflict of interest.
“In the instant case there was neither a request for separate counsel nor a showing or prejudice. Consequently, reversible error is not revealed by the record.”
See also State v. Youngblood, Fla.1968, 217 So.2d 98; Jackson v. State, Fla.App.1969, 221 So.2d 222.
The appellant has raised two other points on appeal. His second point is that the method of pretrial identification was improper and prejudicial. This is in reference to the fact that one victim of the robbery was shown three photographs of potential suspects while he was recovering from injuries; after he viewed the photographs, this witness selected the two taken of the defendants as being photos of the robbers. This initial identification was made outside the presence of the defendants’ counsel. Despite Jenkins’ reliance upon Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), we are not convinced that this procedure violated the appellants’ rights. There appears to be no Florida case dispositive of the issue; however, we find the federal rule which was enunciated in the case of Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), to lend both logical and legal support to the State’s position in this matter. In that case, the Supreme Court of the United States stated:
“Despite the hazards of. initial identification by photography, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eye-witnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method’s potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts and that convictions based on eyewitness identification at trial following a pretrial identification by photography will be set aside on the ground only if the photographic identification procedure was so imper-missibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.”
It appears to us that, in view of the extensive case put forth by the state in which the evidence adduced implicating both appellants with the commission of the robbery was substantial,[1] the prejudice which resulted from the witness’ identification of the photographs, if any, was harmless. The “very substantial likelihood of irrep *117 arable misidentification”, Simmons v. United States, supra, could not possibly have occurred on the facts of the case at bar.
Jenkins’ third point on appeal, relating to the sufficiency of the evidence adduced to prove commission of the crime of armed robbery, is without merit. See footnote 1, supra.
Accordingly, the judgment and conviction being appealed herein is hereby affirmed.

. Those wlio testified for the state included Mr. Gilbert, who identified the appellant in court and testified regarding details of the robbery; Mr. Stupleis, who gave details surrounding the robbery and the beating that he received from one of the robbers; Officer Heller, a Dade County Public Safety Department Police Officer, who made the initial arrest and, upon making a search of the vehicle reportedly owned by the appellant and his co-defendant, discovered a wallet containing identification of Mr. Stupleis, and also a shotgun. There was additional testimony by Mr. Durden, who gave details surrounding his being forced to drive the appellant and his co-defendant to the robbed service station; further testimony from other police officers who accompanied Officer Heller in making the arrest and search of the appellant, his co-defendant and the vehicle. We cannot view such a record as containing insufficient evidence upon which to sustain a conviction for the crime charged. Cf. Crum. v. State, Fla.App.1965, 172 So.2d 24.