HENDRY, Judge.
The appellant was informed against for the crime of armed robbery; he stood trial with a co-defendant, Grady Jenkins, and both defendants pleaded not guilty to the charges and were tried without a jury. They were both adjudicated guilty and sentenced for the crime charged. Co-defendant Jenkins has prosecuted a separate appeal which has been heard by this court, Jenkins v. State, Fla.App.1969, Third District Court of Appeal, 228 So.2d 114, released on this date.
Appellant Jennings poses as his first point on appeal the same contention advanced by his co-defendant, to-wit: whether the trial court erred by failing to appoint separate counsel for himself and his co-defendant. We hereby hold, as we do in the appeal taken by this appellant’s co-defendant, that no error was committed. See Jenkins v. State, supra; Belton v. State, Fla. 1968, 217 So.2d 97; State v. Youngblood, Fla.1968, 217 So.2d 98; Jackson v. State, Fla.App.1969, 221 So.2d 222.
As his second point on appeal, the appellant contends that the court erred in denying defense counsel’s motion for continuance. Since such motion is addressed to the sound judicial discretion of the trial court, we have searched the record and have concluded that none of the acts complained of would support a finding that the court’s judicial discretion was abused. Therefore, we hold that the appellant has failed to carry his burden of demonstrating such abuse.
Accordingly, the judgment and conviction being appealed is affirmed.
Affirmed.