William JENNINGS, Jr., #006952, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Respondent-Appellee.

No. 73-1720.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1973.

Henry Harnage, Miami, Fla. (Court-appointed), for petitioner-appellant.

Barry Scott Richard, Asst. Atty. Gen., Joel D. Rosenblatt, J. Robert Olian, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

In the Criminal Court of Record for Dade County, Florida, the appellant, William Jennings, Jr., was convicted of armed robbery, State disposition of Jennings' original appeal and subsequent motions to vacate are reported, Jennings v. State, 228 So.2d 117; 248 So.2d 247; and 268 So.2d 576 (D.C.A., Fla., 1969, 1971, and 1972).

Jennings has filed four previous petitions for habeas corpus in the United States District Court for the Southern District of Florida. In the instant proceedings Jennings contends that he is

**1042**

entitled to federal habeas corpus relief on the following grounds, restated for the benefit of the record:

"(1) Police officers illegally searched petitioner and his vehicle without a warrant.

(2) Petitioner was not taken before a committing magistrate without unnecessary delay.

(3) Police officers gave perjured testimony that petitioner was initially arrested for public drunkenness. Petitioner contends that he was arrested for robbery and that the drunk charge was placed against him to justify the search of his car.

(4) Police officers gave perjured testimony concerning whether petitioner's clothes were seized from him at the time of his arrest.

(5) Petitioner was deprived of a lineup. Instead he was forced to pose for photographs which were subsequently exhibited to witnesses outside of the presence of his counsel.

(6) Photographs were exhibited to the witnesses in an impermissably suggestive manner.

(7) Petitioner was denied effective assistance of counsel because his attorney was forced to represent a co-defendant along with petitioner.

(8) Petitioner was denied effective assistance of counsel when the trial court denied his counsel's motion for continuance.

(9) Petitioner was deprived of a preliminary hearing as a result of the state attorney filing a direct information.

(10) Petitioner was interrogated by police officers after his arrest without benefit of counsel.

(11) Certain state witnesses violated the witness rule.

(12) The State of Florida refused to provide petitioner with a transcript to perfect an appeal."

Judge Mehrtens considered these contentions and rejected them in a detailed memorandum opinion dated January 31, 1973.

There was an extensive state court record, entirely sufficient in scope and extent to negate the necessity for an independent evidentiary hearing before the United States District Judge. Our consideration of that record leads to the same result.

The Judgment denying habeas corpus relief is

Affirmed.