McCORD, Judge.
Appellant was found guilty of robbery by jury and appeals from the judgment and sentence. She contends that the evidence is not sufficient to support the conviction and that the Assistant State Attorney made certain prejudicial statements during his closing argument to the jury which were reversible error. She raised a third point as to venue but waived it on oral argument.
From the evidence it appears that appellant’s son, in company with appellant, drove an automobile on the night of the robbery to the victim’s store in Escambia County at approximately 3 or 3:30 a. m. *429 He parked outside (leaving appellant in the car) walked into the store and after asking for a package of cigarettes, drew a pistol and relieved the cashier of the money in the cash register.
The automobile of appellant and her son was parked directly in front of and facing into the entrance door of the store. The, victim testified that appellant was sitting in the car on the passenger side; that she “saw her sitting in the car and a gun was up to where I could see it through the windshield.” This was an additional gun to the one the son was holding on the victim and she testified that it was pointing through the windshield and straight at her from the car, though she could not see appellant’s hand holding it. She testified that barrel was up with the handle down and the pistol was not lying on its side.
While the robbery was in progress, a police officer drove up and the son put his gun back in his pocket. The victim told the officer she had just been robbed and the officer placed both the son and his mother under arrest. When placed under arrest, appellant had a gun in her hand under her blouse with her finger on the trigger according to the testimony of the arresting officer. An investigator for the Sheriff’s Office then arrived at the scene and removed from the automobile a police band radio which was tuned to the frequency of the Escambia County Sheriff’s Department. Also, underneath the seat on the passenger side, the investigator found two lady’s nylon stockings which had been cut and tied at the tops (obviously for use as face masks). A list of Associated Police Communication Officers code signals was also found in the car. In addition, wrenches and pry bars were taken from the trunk of the automobile. Appellant’s son was found to be carrying a can of mace and a blackjack in addition to the pistol he used in the robbery.
Appellant testified that she saw the gun which was taken from her on the seat of the car after the officer arrived and that she picked it up and put it in her belt to hide it because she thought her son would be blamed. She testified that she had no part in the robbery and denied pointing the gun through the windshield. Appellant testified that she and her son had come to Pensacola from Mobile; that she had been “over here” all the previous day and had been out to the beach; that they stopped at the victim’s store to get something to drink on the way back to Mobile.
It was the jury’s province to weigh the evidence and the credibility of the witnesses. We find the evidence sufficient to support the jury’s verdict and the judgment of the court. Under the jury’s verdict, appellant was guilty of aiding and abetting her son in the commission of the robbery.
The remark of the Assistant State Attorney in his closing argument which appellant contends was prejudicial error, was the following:
“Now, since I won’t have the opportunity to talk to you again, I have got to make sure that I tell you everything that I can now, because when Mr. Mitchell gets up, I don’t know what he’s going to say, but I have to anticipate it. Now, one thing I have learned that good defense attorneys do, and I will have you know that he is one of the best defense attorneys in Pensacola, it is to bring out the fact that when the State sends out subpoenas, he has access to know — in fact, we are under an obligation to advise him who our witnesses are going to be, and he has access to the Clerk’s office to see who has been subpoenaed and who has been served with subpoenas. Well, in this case, Mr. James Deshler was on the witness list, and I happen to know that he was not served with a subpoena and he did not testify. Now . . . .”
Immediately following the remark, the court instructed the jury that it made no difference whether James Deshler testified or not or whether or not he was on the *430 witness list; that it was not material and “the jury is instructed not to pay any attention to that testimony and disregard it.”
The defense had the closing argument in the trial and James Deshler had been listed on the state’s witness list. The Assistant State Attorney’s remark was purportedly in anticipation of the possibility that defense counsel in his closing argument might comment on the failure of the State to call the accomplice to testify. While we consider it error for counsel on either side to comment on failure to call an accomplice who could invoke his privilege against self incrimination, we consider that the remark was not of such a prejudicial nature to appellant that it was not cured by the trial judge’s immediate instruction to the jury that it was immaterial and to disregard it.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.