300 So.2d 315 (1974)
Billy T. KRUGLAK, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1254.
District Court of Appeal of Florida, Third District.
August 13, 1974.
Rehearing Denied October 9, 1974.
Jepeway, Gassen & Jepeway, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Appellant seeks review of a judgment of conviction for (1) unlawful possession of *316 marijuana, and (2) conspiracy to commit a felony.
Defendant-appellant, Billy T. Kruglak, was informed against for unlawful possession of marijuana and conspiracy to sell marijuana. Four other co-defendants were informed against in the same information and three of the co-defendants were charged in the conspiracy count along with the defendant. Appellant and these three codefendants were tried by jury and were represented by one counsel. At the conclusion of the trial, the jury found appellant guilty of both counts. Thereafter, the trial judge sentenced the defendant to six months in the county jail, to be served on weekends. The defendant appeals therefrom and urges three points wherein error on the part of the trial court allegedly has occurred.
Defendant Kruglak first contends that the prosecuting attorney's closing argument was improper and prejudicial thereby denying the appellant his right to due process of law. We cannot agree.
After a close examination of the record, we conclude that the allegedly improper and prejudicial remarks of the prosecuting attorney in his closing argument were made in response to statements of defense counsel made in the initial closing argument. Cf. Evans v. State, Fla.App. 1965, 178 So.2d 892; Ricks v. State, Fla. App. 1971, 242 So.2d 763. Moreover, no objection was interposed at the time the remarks were made. Except for fundamental error, in absence of a timely objection interposed at trial, defendant may not raise objections to remarks of the prosecutor for the first time on appeal. State v. Jones, Fla. 1967, 204 So.2d 515; Hall v. State, Fla.App. 1967, 203 So.2d 202; Smith v. State, Fla.App. 1971, 243 So.2d 602.
Appellant secondly argues that the trial court erred in allowing witnesses to testify for the state, whose identities were not supplied to the appellant, even though he timely had demanded their identities.
Upon the failure of a party to make discovery, the trial court should make a careful inquiry as to why the disclosure was not made, the extent of the prejudice to the other party and the feasibility of rectifying that prejudice by some intermediate procedure. Although under RCrP 3.220(j), a trial judge may prohibit witnesses from testifying, this sanction should be exercised only under the most compelling circumstances and where the omission cannot be otherwise remedied. Williams v. State, Fla.App. 1972, 264 So.2d 106 and cases cited therein.
Turning to the case sub judice, we find that defense counsel's motion was not made pursuant to any specific rule of criminal procedure and further the motion requested the trial court to furnish the names of the witnesses; that the defense never set the motion down for hearing; that only after the jury had been sworn did defense counsel bring this motion to the court's attention; that the trial court thereupon made an inquiry and thereafter offered defense counsel an opportunity to speak with the individual witnesses the prosecution would call; that counsel for defense refused and thereupon the trial judge denied the defense motions for production of evidence, better particulars and a witness list. The record further reflects that the prosecution's chief witness, Officer Ahearn, was listed in the state's information as a witness. Under these circumstances we cannot say that the trial court abused its discretion in allowing the prosecution's witnesses to testify. See Howard v. State, Fla.App. 1970, 239 So.2d 83 at 84 and cases cited therein. Thus, this point of appellant must fail.
Third and last, defendant alleges as error the fact that one attorney represented the appellant and the three co-defendants and a severance should have been granted.
We find this point lacks merit as there was no request for a severance prior to or during the trial and there was no *317 showing that the defenses were antagonistic. See Jenkins v. State, Fla.App. 1969, 228 So.2d 114.
For the reasons cited hereinabove, the judgment and sentence herein appealed hereby are affirmed.
Affirmed.