McCORD, Judge.
This appeal is from a judgment and sentence of appellant for conspiracy to traffic in cannabis. We affirm.
The State’s primary witnesses against appellant were Darnell and Watson, with whom the State had entered into plea bargains by which each pled guilty and the State agreed to recommend to the court a sentence of one year probation for each in exchange for their testifying against appellant. In the course of the trial Wayne Hicks, an investigator for the State Attorney’s Office, was qualified as an expert witness on narcotics investigations. His testimony constituted an explanation of bale lists to the jury and in addition he was asked the following question by the prosecuting attorney:
Q All right, now, as a person who has conducted numerous narcotics investigations; in the area of plea agreements, what are plea agreements used for?
Defense counsel’s objection to the question on the ground that the witness was not competent or capable of testifying to such was overruled. The witness then gave the following answer:
A Plea agreements are used, in narcotics cases, to attempt to go up the ladder and get people that are heavily involved, the bigger people. You use the smaller people—
Defense counsel renewed his objection and moved for a mistrial, stating: “This is getting far afield.” The court denied the motion for mistrial. The State then asked:
Q In this case, Mr. Hicks, what were the plea agreements used for?
He gave the following answer:
A The plea agreement is used to elicit testimony from people involved.
To the question, “What kinds of people?”, he answered:
What, in our investigative opinion, was people that were not as heavily involved, and not as big.
Defense counsel again objected and moved for mistrial, the motion being denied. The court then announced, “Let’s get back to the facts of this case.”
Had the foregoing testimony of Hicks been given without provocation by the defense attorney, we would agree that such probably would have been reversible error. Here, however, defense counsel opened the door to this testimony in his opening statement to the jury where he vigorously attacked the motives of the State in entering into the plea bargains with Darnell and Watson, painting these two witnesses as the real criminals and *99 inferring that the State only entered into the plea agreements to frame his client Tosh, an innocent man, and allow the real criminals to walk out on probation. Had defense counsel confined himself to an attack upon the credibility of the witnesses rather than to attack the State for entering into the plea agreements by the State Attorney’s Office, he would be on firm ground. The State, however, was not required to sit silently by and accept the attack without .clarifying and explaining their general purpose for entering into such agreements. It remained for the jury to determine from the evidence whether or not the defendant was guilty of conspiracy to traffic in cannabis or was an innocent victim of a frame-up between the State and the two witnesses. The defense attorney made his charged frame-up an issue before the jury by the nature of his opening statement. Appellant relies upon U.S. v. Hall, 653 F.2d 1002 (5th Cir.1981). In Hall, however, the federal agent’s testimony regarding its investigative procedures was not put in issue by the defense as it was here. In Hall the federal agent’s testimony was an affirmative part of the prosecutor’s ease while here Hicks’ explanation was in response to the attack by defense counsel on the motives of the State.
Appellant further contends that the trial court erred in refusing appellant’s request for jury instruction on the offenses of conspiracy to possess felony and misdemeanor amounts of cannabis where appellant was charged with conspiracy to traffic in over 100 pounds of cannabis. Appellant bases this contention on the Florida Standard Jury Instruction schedule, which provides that where trafficking in cannabis in violation of Section 893.135(1)(a) is charged, possession of cannabis in violation of Section 893.13(1)(e) is a Category 1 lesser included offense. Here, however, the offense charged was not trafficking in cannabis, but it was conspiracy to traffic in cannabis. The Standard Jury Instructions do not list lesser included offenses of conspiracy to traffic. Trafficking may be proved in numerous ways — either through sale or delivery, through manufacture or through bringing cannabis into the state. Here, the indictment charging conspiracy to traffic does not delineate in which of these respects appellant conspired to accomplish such trafficking. Thus, the State was not required to show under the indictment that appellant conspired to possess cannabis in order for it to prove that appellant conspired to traffic in cannabis. Thus, conspiracy to possess cannabis was neither a Category 1 nor a Category 2 lesser included offense. See In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Florida Supreme Court Case Nos. 56,734 and 58,799, filed April 16, 1981, 6 FLW 305; Brown v. State, 206 So.2d 377 (Fla.1968).
We have considered appellant’s remaining point and find it to be without merit.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.