GRIMES, Judge.
This appeal concerns the admissibility of evidence regarding the state’s policy of plea bargaining with a less culpable defendant.
Appellant, Willie Oliver, Jr., was charged with dealing in stolen property. Prior to his trial, the state entered into a plea agreement with Oliver’s codefendant, James Kevin Munn. Pursuant to the plea bargain, Munn pled guilty to the same charge of dealing in stolen property in exchange for the court’s withholding adjudication of guilt and placing him on five years’ probation. As a condition of his probation, Munn was to testify fully and truthfully against Oliver.
In his opening statement, the defense attorney represented Munn’s position as the state’s primary witness:
I respectfully submit to you that the evidence will also show that James Munn also worked on at least one occasion for the Snyders. That Mr. Munn was charged with dealing in stolen property, and I suggest that out of his own testimony he will tell you that he has made a plea agreement with the State whereby if he testified he will get probation.
Cross-examination of Munn concerning the plea bargain occurred in the following manner:
Q So you were not found guilty and even given five years probation. As a condition of that probation were you to come here in court today and testify against Willie Oliver, Jr.?
A I was to testify on Willie’s trial date truthfully and full testimony to my knowledge.
[[Image here]]
Q Uh-huh. Then, in effect, by testifying against Willie Oliver in this cause, by agreeing to testify against him, you did, in fact, obtain a plea bargain with the State or plea agreement, whereby you received a sentence of probation. Is that correct?
A No, um, there was more or less, you know, not that I would testify, but I testify truthfully, honestly, and whatever. Just, you know, just if I get caught lying they violate me is more or less what they are saying, if I go messing up.
Q If you go messing up.
A Yes. In other words, I’m not supposed to invent a bunch of stuff.
Q But still by testifying you were able to obtain probation for yourself. Is that correct, sir?
[[Image here]]
A To the best of my knowledge, no. Finally, on recross-examination Oliver’s lawyer again asked:
Q While the State did not tell you what to say, you had effectively already gone to them with the statement that it was Willie Oliver who obtained you to *319 pawn these goods. Is that correct? You had the story and went to the State with it; isn’t that correct?
A On the day I was arrested the officer asked me, he said, “Where did you get it?” And I told him. Therefore, they arrested me, give or take, no matter what I said, they still arrested me.
Following Munn’s testimony, the prosecutor moved to amend her witness list to call Edward Boone, an investigator with the State Attorney’s office. Boone had no prior involvement with Oliver’s case. Boone was to be called to clarify the state’s policy on plea bargaining, explaining that the less guilty codefendant would receive lenient treatment in order to go after the more culpable codefendant. The prosecutor argued that this explanation was necessary because the remarks of Oliver’s attorney had “cast a question on the motive of the State Attorney’s Office” in plea bargaining with Munn. In response, the defense attorney denied accusing the state of a bad faith prosecution. He contended that his cross-examination was directed toward portraying Munn as incriminating someone else in order to attempt to extricate himself. Over objection, the court admitted Boone’s testimony on the basis that a bad faith motive reasonably could have been inferred from defense counsel’s opening statement and cross-examination.
The state relied on the case of Tosh v. State, 424 So.2d 97 (Fla. 1st DCA 1982), to support the admission of the testimony concerning plea bargain policy. In Tosh the defense attorney in his opening statement directly attacked the state’s motive in plea bargaining with two codefendants who were prosecution witnesses. There the attorney inferred that the state had made arrangements with the two real criminals so as to frame his innocent client. On appeal, the court approved the admission of the testimony of the state’s plea bargain policy in order to clarify its purpose for the jury. The court noted, however, that if defense counsel had confined his attack solely to the credibility of the state’s witnesses, introduction of the plea bargain evidence probably would have been reversible error.
For his part, Oliver likens his case to United States v. Hall, 653 F.2d 1002 (5th Cir.1981), where the admission of testimony by a federal narcotics agent describing various drug buying techniques used to catch upper echelon dealers was held reversible error. The testimony had been prompted by the defendant’s efforts to impeach the credibility of three coconspirators who had testified against him by bringing out details of their plea bargains and their potential motivation for lying. The reviewing court found that neither the opening and closing statements of defense counsel nor his cross-examination of government witnesses had placed in issue drug enforcement procedures so as to justify the agent’s explanation. The court ruled that the testimony had improperly suggested to the jury that defendant was a high-ranking drug conspirator.
The proper rule can be simply stated. The defendant is entitled to attack the credibility of an accusing witness by showing that he has entered into a plea bargain. However, if in so doing the defense infers that the state entered into the plea agreement in order to frame the defendant, the state is entitled to present evidence concerning its plea bargain policy.
Here we do not find that defense counsel opened the door to inquiry about the purpose of plea bargaining, nor did he so provoke the state as to require a clarification of its policy. The cross-examination of Munn, the state’s key witness, was totally proper for the purpose of discrediting him by showing bias, prejudice, or interest. Moreno v. State, 418 So.2d 1223 (Fla. 3d DCA 1982); Jones v. State, 385 So.2d 132 (Fla. 4th DCA 1980); Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976). Following Boone’s explanation that leniency was granted to a less culpable eodefendant, the jury could clearly infer that the state had determined Oliver to be the more culpable codefendant. Such a procedure could only result in an impermissible chilling effect upon Oliver’s constitutional right to con *320 front witnesses. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 13 L.Ed.2d 347 (1974). The introduction of the plea bargain testimony was irrelevant and highly prejudicial.
Accordingly, Oliver’s judgment of guilt and sentence are reversed, and the cause is remanded for a new trial.
BOARDMAN, A.C.J., and RYDER, J., concur.