464 So.2d 1238 (1985)
James Lewis KEMP, Appellant,
v.
STATE of Florida, Appellee.
No. AU-181.
District Court of Appeal of Florida, First District.
February 11, 1985.
As Clarified March 14, 1985.
*1239 Louis O. Frost, Jr., Public Defender, and Jeanine Beard Sasser, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
Defendant was convicted of sexual battery with a deadly weapon. Section 794.011(3), Florida Statutes (1981). On appeal he argues that the trial court improperly denied him the opportunity to cross-examine the victim. We affirm.
The facts adduced at trial are that on the day of the assault, the victim, a 17-year-old high school senior, took a different route to school than she normally followed. The defendant was on the way to his place of employment when he accosted the victim and sexually attacked her. The victim was threatened with serious bodily harm if she resisted. Following the assault, the victim accurately described her attacker, and she picked the accused's photograph out of some 900 that she viewed. Testimony from the police officer established that, when the defendant was arrested, he was wearing clothes similar to those described by the victim. A medical examination of the victim some twelve hours after the attack showed focal hemorrhaging in the hymenal area, which the examining physician testified was probably caused by intercourse within the previous twenty-four to forty-eight hours. Upon this evidence, the defendant was convicted and sentenced to thirty-five years.
During direct examination, the prosecutor inquired if the defendant had asked the victim anything before he took her clothes off. The victim replied that the defendant asked her if she was menstruating and if she was a virgin. To both questions, she replied in the affirmative,[1] apparently in the hope of deterring her attacker. On cross-examination of the victim, the defense counsel sought to elicit testimony from the victim concerning her knowledge of sexual matters; and, upon proffer, out of the presence of the jury, the victim testified she was not a virgin at the time of the rape.[2] Later testimony from the examining physician established that the victim had told the doctor at the time she was examined that she was a virgin. Defense counsel urged that the proffered testimony would support defendant's theory that the victim had fabricated the rape to cover up the fact that she was pregnant and to obtain anti-pregnancy medicine.[3] The trial judge refused to allow the proffered testimony on the strength of section 794.022(2), Florida Statutes (1981), which provides:
(2) Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under s. 794.011; however, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury that such activity shows such a relation to the conduct involved in the case that it tends to establish *1240 a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent.
Section 794.022(2) forbids the admission into evidence of any specific instances of prior sexual activity between the victim and any person other than the offender except when consent of the victim is at issue.
Appellant contends that the exclusion of the proffered question and answer on the authority of section 794.022(2) has deprived him of his right to confront witnesses against him, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by article I, section 16, of the Florida Constitution.
We need not reach appellant's constitutional issue as we sustain the ruling below solely on grounds of relevancy.
In the instant case, appellant does not argue that the victim consented. He urges that the proffered testimony is relevant and admissible.
The testimony excluded in this case simply asked the witness to state whether she had ever engaged in sexual intercourse prior to the alleged attack by the defendant. Contrary to the State's contention at trial, the proffered testimony was not offered to prove the victim had consented but, rather, to impeach the victim's prior statement to the doctor that she was a virgin and, further, to show that her testimony on direct examination concerning her lack of understanding of sexual matters was in fact not credible. Appellant contends that these matters were opened and made relevant by the state during direct examination of the victim.
The record fails to demonstrate any relevancy of the proffered question and answer to the victim's understanding of sexual matters. We also find that the record fails to reveal a proper predicate for using the proffered question and answer to impeach the victim's prior testimony. In short, the record simply fails to demonstrate that whether or not the victim was a virgin prior to the sexual assault is relevant and material to any issue, including appellant's basic defense that the alleged attack did not, in fact, occur.
The trial court is to be allowed great latitude in determining the scope of cross-examination, and the ruling of the trial court will be disturbed only where there is a clear abuse of discretion. Mikenas v. State, 367 So.2d 606 (Fla. 1978).
Accordingly, the judgment of conviction is AFFIRMED.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] Transcript of testimony and proceedings, page 34:

Q. [Assistant State Attorney] Let me ask you this before you go any further: Did he ask you anything before he started taking your clothes off?
A. [Witness, Victim] He asked me was my period on and I told him yes because I didn't think he would bother me and he felt between my legs and said your period is not on and then he asked me was I a virgin and I told him yes and he told me that would make it better.
[2] Transcript of testimony and proceedings, page 55:

Q. [Public Defender] Your Honor, the question I would like to proffer is prior to this day, you had sexual intercourse before, haven't you?
A. [Witness, Victim] Yes.
[3] Defendant failed to support this theory with any evidence that the victim was, or has been, pregnant.