481 So.2d 15 (1985)
Ricky Nelson DEEL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1855.
District Court of Appeal of Florida, Fifth District.
November 21, 1985.
Rehearing Denied January 14, 1986.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
*16 UPCHURCH, Judge.
Appellant was convicted of sexual battery on a child eleven years of age or younger.[1] Appellant contends that the trial court erred in refusing to admit evidence of the victim's prior sexual acts with others. We agree and accordingly reverse and remand for a new trial.
This issue focuses on the definition of "injury" under section 794.022(2), Florida Statutes (1983), which provides as follows:
Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under s. 794.011. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; or, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.
At trial, a pediatrician testified for the state that she had examined the victim on July 13, 1984, over forty-five days after the date of the alleged abuse. She testified that she performed a general physical examination which proved to be normal except for finding slightly abnormal genitalia. The pediatrician observed that the entrance to the victim's vagina was slightly more open than normal and her hymenal ring was not intact.
The state argues that because the physical examination reflected that the victim had sexual relations sometime in the past, but not necessarily the immediate past, these abnormalities cannot be considered injuries. The physical evidence, argues the state, did not irrevocably link the defendant to the crime so as to merit a showing of a source of injury other than the defendant. It appears that the state interprets the statute and the word "injury" to imply some kind of visible wound, rather than mere abnormalities and enlargements of the genitalia which could have been caused at an earlier date.
We disagree with the state's overly restrictive definition. We conclude, however, that the admissibility of the evidence of prior sexual encounters does not depend solely on the meaning of the word "injury" and should have been admitted. The testimony of the pediatrician served to corroborate other testimony of appellant's complicity. In view of the young age of the victim and without the evidence of prior acts, the jury would probably conclude that the physical changes in the child resulted solely from the alleged encounter with appellant. The state could have elected not to question the pediatrician about the child's abnormal genitalia but, having done so, appellant was entitled to rebut this evidence by showing that there could have been another cause.
REVERSED and REMANDED for a new trial.
COBB, C.J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] § 794.011(2), Fla. Stat. (1983).