489 So.2d 36 (1986)
Raymond BAEZA, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2450.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing and Rehearing Denied June 20, 1986.
*37 Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied June 20, 1986.
HURLEY, Judge.
Defendant was convicted of four counts of sexual battery[1] and sentenced to two thirty-year and two seventeen-year terms of imprisonment. On appeal, he contends that the trial court committed reversible error by applying Florida's rape-shield statute[2] to exclude testimony suggesting that the defendant did not cause the victim's injury. We affirm in part and reverse in part.
The charges involved four separate acts of sexual abuse on two of the defendant's stepchildren. Defendant was alleged to have engaged in oral and anal intercourse with his fifteen-year-old stepson and to have committed two acts of oral sex on his eleven-year-old stepdaughter. The testimony of both children described an ongoing, six-to-eight-year pattern of habitual sexual abuse with incidents occurring as often as once or twice a week. Although the charges concerning the stepdaughter concerned oral sex, she testified that both encounters also included attempted vaginal penetration. Furthermore, both children admitted to having engaged in oral sex with each other at the direction of their stepfather.
A different pediatrician corroborated the testimony of each child. The stepson's doctor testified that he performed a rectal examination and found that the boy's "sphincter tone was unusually relaxed for a teenage male." The doctor said that "to sustain a relaxed, lax anal sphincter requires some form of rectal trauma or abuse of approximately once per week for six months." The stepdaughter's pediatrician found that the child's vaginal opening was approximately twice the normal size. "For that amount of enlargement to have occurred, sexual or attempted vaginal intercourse would have had to have occurred at least once every week or two weeks for approximately six months." This, the doctor testified, indicated chronic sexual abuse.
The defense attempted to introduce testimony from the children's mother that, on four or five occasions, she had discovered her son asleep in bed with his sister. The boy was nude and the girl was wearing pajamas. At the state's behest, the trial court excluded this testimony and prevented the defense from cross-examining either child on this issue. The court based its ruling on section 794.022(2), Florida Statutes (1985)  Florida's rape-shield statute  which provides:
Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in a prosecution under s. 794.011. However, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence may prove that the defendant was not the source of the semen, pregnancy, injury, or disease; or, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court in a proceeding in camera that such evidence tends to establish a pattern of conduct or behavior on the part of the victim which is so similar to the conduct or behavior in the case that it is relevant to the issue of consent.
We hold that the trial court misapplied the statute.[3] The mother's testimony *38 would have supported a reasonable inference that her son, without the stepfather's involvement, engaged in sexual relations with his sister, causing the physical trauma which was later identified by the pediatrician. Thus, the court improperly excluded evidence from which the jury could have concluded that the defendant was not the source of his stepdaughter's injury. This error requires reversal and remand for new trial on the two counts involving the stepdaughter. See Deel v. State, 481 So.2d 15 (Fla. 5th DCA 1985); see also Commonwealth v. Majorana, 503 Pa. 602, 470 A.2d 80 (1983); People v. Mikula, 84 Mich. App. 108, 269 N.W.2d 195 (1978).
We reach a different conclusion, however, with respect to the two counts in which the stepson was the alleged victim. The mother's testimony, even if true, would be irrelevant and, therefore, not admissible in defense of these charges. See Kemp v. State, 464 So.2d 1238 (Fla. 1st DCA 1985); Kaplan v. State, 451 So.2d 1386 (Fla. 4th DCA 1984); Adkins v. State, 448 So.2d 1096 (Fla. 4th DCA 1984); McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982); Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980). Consequently, we affirm the judgments of conviction and sentences imposed on both counts involving the stepson (Trial Case No. 83-1686-CF).
Accordingly, the judgments and sentences on appeal are
AFFIRMED IN PART AND REVERSED IN PART.
WALDEN, J., and BARKETT, ROSEMARY, Associate Judge, concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1983); § 794.011(4)(e), Fla. Stat. (1983).
[2] § 794.022(2), Fla. Stat. (1985).
[3] The trial court made its initial ruling after receiving a sketchy presentation of the facts during a pretrial hearing. This case exemplifies the danger in making evidentiary rulings without the benefit of a fully-developed record.