537 So.2d 1138 (1989)
Howard K. SKIPPER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-819.
District Court of Appeal of Florida, Fifth District.
February 9, 1989.
*1139 Rodney W. Smith, Alachua, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
Defendant, Howard Skipper, has taken this appeal from his judgment and sentence entered after a jury found him guilty of committing the offense of sexual battery upon a person less than twelve years of age.[1] Defendant contends that it was error for the trial court to exclude testimony proffered by a defense witness that the victim had previously engaged in sexual intercourse with persons other than the defendant, asserting that, under the ruling set forth in Deel v. State, 481 So.2d 15 (Fla. 5th DCA 1985), such evidence was clearly admissible. The state properly concedes that Deel is controlling and that reversal is required.
In Deel v. State, this court ruled that if the state introduces evidence that upon physical examination of the child victim a physician has determined that the child has engaged in sexual intercourse, then the defendant is entitled to introduce evidence that the child had previously engaged in sexual intercourse with persons other than the defendant. In so ruling we explained:
The testimony of the pediatrician served to corroborate other testimony of [defendant's] complicity. In view of the young age of the victim and without the evidence of prior acts, the jury would probably conclude that the physical changes in the child resulted solely from the alleged encounter with [defendant]. The state could have elected not to question the pediatrician about the child's abnormal genitalia but, having done so, [defendant] was entitled to rebut this evidence by showing that there could have been another cause. (footnote omitted)
Deel v. State, 481 So.2d at 16.
In the instant case, a pediatrician testified for the state that upon examination of the victim she discovered that the child's "vaginal opening was 1.4 centimeters which is considered too large for a girl of her age and her development" and that she therefore concluded that this abnormality was the result of vaginal penetration. Since the state chose to introduce this evidence, the defendant was entitled to present evidence that the victim had previously engaged in sexual intercourse with persons other than the defendant.[2]See Sadler v. State, 509 So.2d 1139 (Fla. 5th DCA 1987); Baeza v. State, 489 So.2d 36 (Fla. 4th DCA 1986). Having concluded that it was error for the trial court to exclude such evidence and that this error was certainly not harmless we hold that defendant's judgment and sentence must be vacated and this matter remanded for a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1987).
[2] We emphasize that our ruling is limited to this portion of the witness' proffered testimony.