568 So.2d 1326 (1990)
James E. SCHWARCK, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1730.
District Court of Appeal of Florida, Third District.
October 30, 1990.
Bennett H. Brummer, Public Defender, and Mellisa G. Tenenbaum, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
The defendant appeals his convictions for one count of sexual battery on a person under twelve years of age, and one count of making lewd, lascivious or indecent assault *1327 on a person under the age of sixteen. The victim is the defendant's daughter.
We affirm the convictions and sentence, briefly addressing each point raised as issues on appeal.
1. The defendant, who was out on bond and employed while awaiting trial, did not demonstrate that he was financially unable to pay the cost of an investigator. Neither did he demonstrate a necessity for the appointment of an investigator. Quince v. State, 477 So.2d 535, 537 (Fla. 1985), cert. denied, 475 U.S. 1132, 106 S.Ct. 1662, 90 L.Ed.2d 204 (1986); see United States v. Gossett, 877 F.2d 901, 904 (11th Cir.1989), cert. denied, ___ U.S. ___, 110 S.Ct. 1141, 107 L.Ed.2d 1045 (1990) (where defendant failed to establish the need for additional investigative funds, the court did not abuse its discretion in refusing defendant's request for additional funds to pay an investigator to develop more exculpatory evidence). The material evidence in this case consisted of the testimony of defendant's minor children and wife who were subject to examination by ordinary discovery methods.
2. The examining physician's testimony was relevant to the extent that it showed that the victim's condition was consistent with having been sexually molested by the defendant as she described. Skipper v. State, 537 So.2d 1138 (Fla. 5th DCA 1989) and Deel v. State, 481 So.2d 15 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 831 (Fla. 1986), relied upon by the defendant, are inapposite because in this case the defendant was specifically permitted to show during cross-examination of his wife that the doctor's findings concerning the abnormalities found in the victim's genitalia could be explained by an unrelated event. Indeed, the State admitted during its opening statement that healed tears to the victim's hymen were the result of a prior attack by another family member.
3. The record amply supports the trial court's findings that the defendant's incriminating statements were freely and voluntarily given after Miranda warnings. Any pre-statement mental distress the defendant might have suffered was a result of his own apprehensions and was not caused by State action. State v. Caballero, 396 So.2d 1210, 1213-1214 (Fla. 3d DCA 1981). Further, the defendant failed to preserve the issue for review by a contemporaneous objection at trial. Rounds v. State, 382 So.2d 775 (Fla. 3d DCA 1980).
4. There was no objection to the admission of collateral crimes evidence which the defendant now attacks. Nevertheless, the acts testified to were similar to those charged, and would have been properly admitted under standards imposed by section 90.404(2), Florida Statutes (1989), or case law. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The jury was given careful limiting instructions, proposed or agreed to by the defense, which cautioned the jury properly as to the use to be made of collateral crimes evidence. See Kight v. State, 512 So.2d 922 (Fla. 1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988) (court found no error in the use of Williams Rule evidence or in the limiting instruction given).
5. The alleged improper arguments by the prosecutor did not constitute reversible error. The first of such statements was the subject of a strong curative instruction from the court. See Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (curative instruction removed any taint from the comment concerned because it is an invariable assumption of the law that jurors follow their instructions). The second statement, made during closing argument, was an invited response to an improper argument by the defense. It is well established that counsel is accorded a wide latitude in making arguments to the jury particularly in retaliation to prior improper comments made by opposing counsel. Evans v. State, 178 So.2d 892 (Fla. 3d DCA 1965); Pitts v. State, 307 So.2d 473 (Fla. 1st DCA), cert. dismissed, 423 U.S. 918, 96 S.Ct. 302, 46 L.Ed.2d 273 (1975).
Affirmed.