600 So.2d 1138 (1992)
Johnny JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-307.
District Court of Appeal of Florida, Fifth District.
May 1, 1992.
On Motion for Certification June 19, 1992.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Johnny Jones appeals a judgment following a jury verdict finding him guilty of two counts of sexual battery by a person over eighteen years of age upon a person under twelve years of age in violation of section 794.011(2), Florida Statutes (1987). We reverse and remand for a new trial.
Defense counsel attempted to introduce evidence that the child victim in this case had been sexually assaulted by her father when she was approximately two years old. The trial court ruled that evidence of the assault was irrelevant and disallowed further discussion of the incident. The jury did learn that, shortly before Christmas in 1986, the child had been abused by a sister's boyfriend and had suffered a gonorrheal infection from that incident. The sexual batteries alleged to have been committed by Jones, the stepfather of the child victim, allegedly occurred between April 7, 1987, and April 22, 1987, as to one count and between April 21, 1987, and June 17, 1987, as to the other count. The child allegedly again contracted gonorrhea from *1139 one or both of these latter events, but no evidence was presented to indicate that Jones ever had the disease or that he had been treated for it. On June 7, 1987, during a physical examination not connected with this case, Jones had a urine test. While Jones was not specifically tested for gonorrhea during that examination, the examining physician testified at trial that none of the typical signs of the disease were present in the urine sample.
Although the victim testified at trial, two physicians, one who was the director of the Orange County Child Protection Team and the other who provided services for the team, presented hearsay testimony, over objection, that during medical examinations the victim had identified the defendant as the perpetrator.
The issues presented are, one, whether it was harmful error for the trial court to preclude evidence concerning earlier abuse of the victim by a person other than the defendant and, two, whether it was harmful error for the trial court to admit the hearsay identification of the defendant by the examining physicians.

EARLIER ABUSE
One of the physicians indicated, while being questioned by the state, that the eight-year-old victim's hymenal ring was found to be six millimeters in diameter. He testified that, in a prepuberal female, the diameter of the hymenal ring usually measures three to four millimeters. When Jones sought to introduce evidence that the victim had been abused by her father at about two years of age, the state objected. The state argued that the earlier abuse was irrelevant in view of the medical testimony that the tears in the hymen were red around the edges indicating recent injury. The medical testimony also indicated, however, that the victim's hymen could have been enlarged by contact with objects as much as six years earlier.
In Skipper v. State, 537 So.2d 1138 (Fla. 5th DCA 1989), this court noted, "Since the state chose to introduce this evidence [of the enlargement of the vaginal opening], the defendant was entitled to present evidence that the victim had previously engaged in sexual intercourse with persons other than the defendant." Id. at 1139 (footnote omitted). In the instant case, the evidence of the assault by the father would have given the jury the opportunity to consider whether the alleged earlier assault, independent of the other alleged assaults, caused or contributed to the enlargement of the child's hymen. Given the evidence of the tears indicating a recent injury, the jury still may have concluded, even with the evidence of the earlier assault, that the enlargement was caused by or at least was evidence of a recent attack. Thus, perhaps the error of not allowing the testimony of the alleged assault by the father could be treated as harmless, but given the other error noted below and the facts of the case, it is necessary to reverse the conviction and remand for a new trial.

HEARSAY TESTIMONY
The state argues that the victim's identification of the defendant while being examined by a physician is admissible under section 90.803(4), Florida Statutes, since it was a statement that the victim made for purposes of medical diagnosis or treatment of gonorrhea. The state relies on Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990), in which the court stated that under the statute the out-of-court statements are admissible upon a showing: "(a) that the statements were made for the purposes of diagnosis or treatment, and (b) that the individual making the statements knew the statements were being made for this purpose." Id. at 394. The state's argument is flawed, however, since the examining physicians were providing services for the child protection team, one of the physicians being the director of the team at the time of the examination. While treatment for the disease should result naturally from the examination, the true and only initial purpose of the examination was to determine whether sexual abuse had occurred and, if so, the identity of the individual responsible for it. State v. Ochoa, 576 So.2d 854, 855 n. 2 (Fla. 3d DCA 1991); Hanson v. State, 508 So.2d 780 (Fla. 4th *1140 DCA 1987); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986). Contra Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991); see Conley v. State, 592 So.2d 723 (Fla. 1st DCA 1992).
The exclusion of evidence of the initial abuse by the victim's father and the admittance of the physicians' hearsay evidence[1] require that we vacate the judgment and remand for a new trial.
VACATED; REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.

ON MOTION FOR CERTIFICATION
Appellee, State of Florida, requests that we certify conflict with Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991), and Conley v. State, 592 So.2d 723 (Fla. 1st DCA 1992). We grant the request as to Flanagan but deny it as to Conley.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] We do not consider nor do we express an opinion on whether the testimony of the physicians was admissible under the hearsay exception for child victims of abuse, subsection 90.803(23), see, e.g., Pardo v. State, 596 So.2d 665 (Fla. March 26, 1992), since there was neither an attempt by the state to introduce the hearsay through this exception nor a hearing pursuant to subsection 90.803(23)(b) to assess the reliability of the hearsay. Luszczyk v. Department of Health & Rehabilitative Services, 576 So.2d 431 (Fla. 5th DCA 1991).