PER CURIAM.
This is an appeal by the defendant Craig Stanley Rogowski from multiple final judgments of conviction and sentences for eight counts of dealing in stolen property, two counts of burglary, two counts of theft, one count of conspiracy to commit burglary, and one count of a Florida RICO violation — all based on an adverse jury verdict. The sole point raised on appeal is that the prosecuting attorney engaged in a series of improper comments and conduct which deprived the defendant of a fair trial. We reject this point and affirm.
First, the state attorney committed no error in eliciting on several occasions from three of the state’s witnesses that they had entered into certain plea agreements as co-defendants in the case to testify truthfully against the defendant upon pain of being prosecuted for perjury. The nature of the plea agreement was highly relevant and clearly admissible at trial. Defense counsel repeatedly attacked the credibility of these witnesses based, in part, on these plea agreements, and it was entirely proper for the state to emphasize, as it did, the complete nature of the plea agreements. We reject the defendant’s claim that the state, in so doing, was somehow vouching for the witness’ credibility. See United States v. Necoechea, 986 F.2d 1273, 1278-79 (9th Cir.1993); United States v. Martino, 648 F.2d 367, 368 (5th Cir.1981), cert. denied, 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982); cf. Oliver v. State, 442 So.2d 317, 319 (Fla. 2d DCA 1983).
Second, the state attorney’s outburst against defense counsel during the defendant’s cross-examination of a state witness (“Why don’t you stick to the truth”) was, we agree, improper, but (a) it was in response to certain improper questions by defense counsel which the trial court disallowed upon objection by the state, (b) the prosecuting attorney immediately apologized, and (c) the trial court cautioned both lawyers. Under these circumstances, we cannot say that the defendant was deprived of a fair trial. See Schwarck v. State, 568 So.2d 1326, 1327 (Fla. 3d DCA 1990); Ricks v. State, 242 So.2d 763 (Fla. 3d DCA 1971); Evans v. State, 178 So.2d 892, 893 (Fla. 3d DCA 1965).
Third, the state attorney’s comment on the defendant’s failure to call a witness because the witness had nothing positive to say about the defendant was, we agree, improper. This comment, however, was also provoked by an improper comment by the defense counsel on the state’s failure to call this same witness, namely, that this witness was the real perpetrator in this case, rather than the defendant, although there was no evidence to support this comment. Moreover, the trial court sustained the defendant’s *1146 objection to the state’s comment and properly instructed the jury that the state had the burden of proof in the case and that the defendant “need not prove anything.” The defendant was not deprived of a fair trial by this comment. See Deshler v. State, 298 So.2d 428, 429-30 (Fla. 1st DCA), cert. dismissed, 300 So.2d 897 (Fla.1974).
Finally, there is no merit to the remaining claim that the state attorney made other improper comments. Moreover, none of the eomplained-of comments discussed above, either individually or collectively, deprived the defendant of a fair trial. See Reichmann v. State, 581 So.2d 133, 139 (Fla.1991), cert. denied, — U.S. -, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992); Jackson v. State, 575 So.2d 181, 189 (Fla.1991); Francis v. State, 384 So.2d 967, 969 (Fla. 3d DCA 1980).
Affirmed.