11 So.3d 423 (2009)
D.A., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2029.
District Court of Appeal of Florida, Fourth District.
May 13, 2009.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
We hold that it was error for the trial court to impose costs of prosecution pursuant to section 938.27(1), Florida Statutes (2007) on D.A., a juvenile who was adjudicated delinquent.
This is an issue of statutory interpretation, which is subject to a de novo standard of review. Kasischke v. State, 991 So.2d 803, 807 (Fla.2008). Section 938.27(1), Florida Statutes (2007) provides for the imposition of costs of prosecution, as follows:
In all criminal cases, convicted persons are liable for payment of documented costs of prosecution, including investigative costs incurred by law enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, if requested by such agencies. These costs shall be included and entered in the judgment rendered against the convicted person.
A juvenile who has been adjudicated delinquent has not been "convicted," and is not a "criminal." See § 985.35(6), Fla. Stat. (2007)[1]; see also A.M.P. v. State, 927 *424 So.2d 97, 100 (Fla. 5th DCA 2006) (stating that "an adjudication of delinquency does not qualify as a `conviction' for purposes of section 775.083") (Florida Statutes); State v. N.P., 913 So.2d 1, 2 (Fla. 2d DCA 2005) (stating that juveniles are not deemed to be "convicted" by adjudications of delinquency). Thus, section 938.27, Florida Statutes (2007), which expressly applies to all "convicted persons" in "criminal cases", does not apply to a juvenile who has been adjudicated delinquent. Cf. V.K.E. v. State, 934 So.2d 1276 (Fla.2006) (holding that a trial judge does not have the power to impose surcharges pursuant to sections 938.08 and 938.085, Florida Statutes on a juvenile in a juvenile delinquency proceeding and concluding that imposing such surcharges would conflict with the legislative intent in creating a separate juvenile justice system).
Accordingly, we reverse the order imposing costs of prosecution on D.A.
Reversed.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] Section 985.35(6), Florida Statutes (2007) reads in relevant part:

Except as the term "conviction" is used in chapter 322, and except for use in a subsequent proceeding under this chapter, an adjudication of delinquency by a court with respect to any child who has committed a delinquent act or violation of law shall not be deemed a conviction; nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication....